UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:17-cr-62-DML-03 |
| ) | |
| DAVID MCGHEE, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR REVOCATION OF RELEASE ORDER**

Before the Court is the Government's motion for revocation of release order (Dkt. No. 34) and supplement to that motion (Dkt. No. 84). The Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. STANDARD

18 U.S.C. § 3145(a)(1) provides for district court review of a magistrate judge's release order. Section 3145(a) states in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.] The motion shall be determined promptly.

The district court must conduct a *de novo* review and need not defer to the magistrate judge's findings. The Court may review the transcript of the proceedings before the magistrate judge or it may hold a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this cause, the Court held a hearing on April 19, 2017.

## II. BACKGROUND

### A. The Charged Offenses

On March 31, 2017, David McGhee and three co-defendants were charged in a nine-count criminal complaint. McGhee was charged in three of the counts. Count Seven charges McGhee with conspiring with his three co-defendants to affect commerce by robbery in violation of the Hobbs act, 18 U.S.C. § 1951(a) stemming from a completed armed robbery that occurred in Ohio. Count Eight charges McGhee with conspiring to use a firearm in furtherance of a crime of violence (robbery) in violation of 18 U.S.C. § 924(o). Alleged as overt acts are the casing of a retail store in Richmond, Indiana—allegedly done by McGhee—and the actual armed robbery in Ohio. It involves the use of a shortened, military style, semi-automatic rifle of a Verizon retail store in Troy, Ohio. Count Nine charges McGhee with transporting a firearm, a shortened, military style, semi-automatic rifle and a semi-automatic pistol, across state lines to commit a felony (robbery), in violation of 18 U.S.C. § 924(b). It involves the transportation of the firearms from Indianapolis, Indiana to Troy, Ohio for the purposes of committing the armed robbery of the Verizon retail store. McGhee was indicted on the same charges on April 12, 2017.

### B. Hearings

McGhee appeared on April 7, 2017, for a detention hearing before the Magistrate Judge. The Government moved for detention, arguing that detention was appropriate in this case given (1) the risk that McGhee would fail to appear at future court hearings, and (2) the danger McGhee poses to the community. *See* 18 U.S.C. § 3142(e), (f)(1)(e), (f)(2)(A), and (f)(2)(B). The Government argued that although there was no presumption in this case, it was only because the substantive crime that forms the basis for the two conspiracies was committed just across the border in Ohio. According to the Government, had the crime been committed in Richmond, as

the Government argues that the evidence seems to suggest was the original plan, McGhee would be charged with the substantive 924(c) count, which would carry a presumption pursuant to 18 U.S.C. § 3142(e)(3)(B). The Probation office recommended that McGhee be detained based on the nature of and violence of the charged offense as well as McGhee's failure to appear related to prior criminal charges.

At the detention hearing, the Government admitted twenty-five exhibits: surveillance photographs showing varying combinations of the defendants brandishing firearms and physically accosting store employees in the four robberies at issue in the criminal complaint; photographs of the defendants and their clothing on the night of their arrest; and photographs of the assault rifle and robbery proceeds of the Troy, Ohio robbery. McGhee is not accused of entering the store in Troy or of participating in any way in the other three robberies. The Government also indicated that the pistol and assault rifle were in McGhee's possession at the time of arrest and that he had lied to the FBI about his background in an effort to receive favorable treatment from the FBI.

McGhee appeared with counsel and proffered evidence concerning his background and family ties. The Magistrate Judge ordered his release on conditions. The Government orally moved for a revocation of McGhee's release order and a stay of his release. The Government then filed the instant motion for revocation of the release order (Dot. No. 34).

This Court held a hearing on the Government's motion on April 19, 2017. The Court admitted additional exhibits, including the transcript of the detention hearing held by the Magistrate Judge. The Government argued that there are no conditions or combination of conditions to ensure the safety of the community and that McGhee presents a flight risk.

3

### III. DISCUSSION

A defendant shall be detained pending trial if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e), (b), and (c). The Government bears the burden of proof and must prove risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. *United States v. Portes*, 786 F.2d 758, 764-65 (7th Cir. 1985) (internal citations omitted); *see also United States v. Robinson*, 27 F. Supp. 2d 1116, 1120 (S.D. Ind. 1998) (preponderance of the evidence standard used in evaluating flight risk); 18 U.S.C. § 3142(f)(2)(B) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). If the defendant is not detained pending trial, the judicial officer shall order the pretrial release of the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

The Court's inquiry into whether McGhee should be detained prior to trial is guided by the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant

offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community. *See* 18 U.S.C. § 3142(g).

### A. Nature and Circumstances of the Offense Charged

McGhee has been charged in three counts of the indictment. Court Seven charges McGhee with conspiring with his three co-defendants to affect commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), stemming from a completed armed robbery that occurred in Ohio. Count Eight charges McGhee with conspiring to use a firearm in furtherance of a crime of violence (robbery) in violation of 18 U.S.C. § 924(o). Alleged as overt acts are the casing of a retail store in Richmond, Indiana—allegedly done by McGhee—and the actual armed robbery in Ohio. It involves the use of a shortened, military style, semi-automatic rifle of a Verizon retail store in Troy, Ohio. Count Nine charges McGhee with transporting a firearm, a shortened, military style, semi-automatic rifle and a semi-automatic pistol, across state lines to commit a felony (robbery), in violation of 18 U.S.C. § 924(b). Whether the offense involves a firearm is one of the specifically enumerated factors the Court must consider. *See* 18 U.S.C. § 3142(g)(1). Further, McGhee faces up to twenty years in prison. Accordingly, this factor weighs in favor of detention.

### B. Weight of the Evidence Against the Defendant

The Court takes judicial notice of the Complaint. The Magistrate Judge held a hearing and found probable cause. McGhee was indicated by the grand jury. Further, McGhee gave a post-*Miranda* statement in which he admitted to performing a scouting run at a Sprint store in Richmond, Indiana and his involvement in the robbery in Troy, Ohio. Looking at the evidence as a whole, this factor weighs in favor of detention.

### C. The History and Characteristics of the Defendant

Section 3142(g)(3) instructs the Court to consider McGhee's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense. McGhee is twenty-five years old and grew up in Chicago. He has no felony convictions. He has two convictions for minor consumption and disorderly conduct. He has a history of three failures to appear in those cases. He also has two dissatisfactory completions of probation.

McGhee graduated from high school in Chicago, Illinois and attended Vincennes University. He has some learning disabilities. McGhee moved to Indianapolis last summer, and he lives with his brother. He has a girlfriend in Indianapolis. His mother, a retired teacher, is a resident of Chicago.

The Court finds that this factor weights in favor of detention. While McGhee does not have a lengthy criminal history, his multiple failures to appear and dissatisfactory completion of probation suggest that he may have difficulty following any conditions set forth by the Court. Further, McGhee does not have strong ties to Indianapolis. While he does have strong ties to Chicago, community corrections options that would provide the type of close supervision the Court believes necessary are not available. GPS monitoring is unavailable in Chicago. Further, the terms of McGhee's brother's lease do not allow McGhee to live with his brother in Indianapolis.

### D. Risk of Flight and Nature and Seriousness of the Danger to Any Person in the Community

At the detention hearing, the Government argued that McGhee presents a flight risk and is a danger to the community. The Court finds that the Government has proved by a preponderance of the evidence that McGhee is such a flight risk such that "no condition or combination of conditions will reasonably assure McGhee's] appearance" at further proceedings in this case. 18 U.S.C. § 3142(e). McGhee has failed to appear for court proceedings on three separate occasions. Moreover, he has limited ties to Indianapolis.

Further, the Court finds that the Government has proved by clear and convincing evidence that McGhee is a danger to any person in the community. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431–33 (1979). As explained more fully above, McGhee is charged with very serious crimes involving firearms, and he has given a statement admitting his involvement in those crimes.

### IV. CONCLUSION

Considering all of the factors, the Court finds that they weigh in favor of detention. Therefore, the Government's motion for revocation of release order (Dkt. No. 34) is **GRANTED**.

SO ORDERED: 4/27/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication